RESPONSIBLE DOG OWNERS OF TEXAS, David and Carolyn Dailey, Kenneth E. Griffith, Duane Houy, and Mr. and Mrs. Robert E. Hefner, Appellants,

v.

CITY OF RICHARDSON,
Texas, Appellee.

No. 05–88–01478–CV.

Court of Appeals of Texas,
Dallas.

Nov. 3, 1989.

Rehearing Denied Dec. 20, 1989.

Wayne Brown, Charles W. Yuill, Jr., Dallas, for appellants.

H. Louis Nichols, Dallas, for appellee.

---

**2.** Smith, *supra* at 25 n. 23, sets out arguments for and against a broader scope for art. 5069–1.-05, sec. 6(a).

Before ENOCH, C.J., and
STEPHENS[1] and BISSETT[2], JJ.

OPINION

STEPHENS, Justice.

Appellants, hereinafter called Responsible Dog Owners, appeal an adverse summary judgment in favor of the City of Richardson, upholding as valid City of Richardson Ordinance No. 2626–A, adopted by the City Council of the City of Richardson on September 28, 1987, and as amended by Ordinance No. 2654–A, adopted on March 14, 1988, regulating vicious and dangerous animals. Although Responsible Dog Owners present nine points of error, we hold that their first point of error is controlling and dispositive of the case; accordingly, we reverse and render judgment that City of Richardson Ordinance No. 2626–A (1987) and its subsequent amendment No. 2654–A of March 14, 1988, are void and of no force and effect.

The ordinance in question was passed by the City of Richardson on September 28, 1987, and amended by ordinance No. 2654–A on March 14, 1988. Although the ordinances are lengthy, we must set forth verbatim certain sections in order to deal with Responsible Dog Owners' complaints.

POINT OF ERROR NUMBER ONE

Responsible Dog Owners argue, in point of error number one, that the ordinance in question has been preempted by the enactment of Texas Penal Code section 1.08, and the subsequent adoption of House Bill 571 of the 70th Legislative Session, now codified as Texas Penal Code section 42.12, and thus is invalid. Tex.Penal Code Ann. § 1.08 (Vernon 1974); Tex.H.B., 571, 70th Leg. (1987) (now codified as Tex.Penal Code Ann. § 42.12 (Vernon Supp.1989)). To address this contention, we must of necessity set forth the pertinent parts of the various statutes and ordinances.

GOVERNING TEXAS PENAL CODE

Texas Penal Code section 1.08 reads:

§ 1.08 Preemption

No governmental subdivision or agency may enact or enforce a law that makes any conduct covered by this code an offense subject to a criminal penalty. This section shall apply only as long as the law governing the conduct proscribed by this code is legally enforceable.

Tex.Penal Code Ann. § 1.08 (Vernon 1974).

Perhaps a more meaningful understanding of the legislative intent in the enactment of section 1.08 can be gleaned from the Practice Commentary addressed to the section. This commentary points out that Texas Constitution article XI, section 5, vests home rule cities with general authority, and Texas Revised Civil Statutes article 1015 specifically authorizes these cities to enact penal ordinances. Tex.Rev. Civ.Stat.Ann. art. 1015 (Vernon 1964). However, the commentary notes that in the past many laws employing a penal sanction enacted by municipalities, as well as other governmental subdivisions and agencies, have overlapped, duplicated, and conflicted with the state penal laws.

We recognize, as discussed in the commentary, that when local municipal ordinances and general state law deal with the same subject generally, often the question arises as to whether both may coexist, although the ordinance does not expressly conflict with the general law. However, the courts must decide whether a particular ordinance is repugnant with state law in this sense, and the preemption doctrine is the vehicle utilized to assist the courts in making this decision. *See* Ruud, *Legislative Jurisdiction of Home Rule Cities*, 37 Tex.L.Rev. 682 (1959).

The pertinent parts of House Bill 571, chapter 471, of the 70th Legislative session, now codified as Texas Penal Code section 42.12 reads:

Sec. 42.12. KEEPING VICIOUS DOG.

---

**1.** The Honorable Bill J. Stephens, Justice, retired, Court of Appeals, Fifth District of Texas at Dallas, sitting by assignment.

**2.** The Honorable Gerald T. Bissett, Justice, retired, Court of Appeals, Thirteenth District of Texas at Corpus Christi, sitting by assignment.

(a) In this section:

(1) "Dog" includes coyote, wolf, or other animal belonging to the canine family.

(2) "Unprovoked" with respect to an attack by a dog means that the dog was not hit, kicked, or struck by a person with any object or part of a person's body nor was any part of the dog's body pulled, pinched, or squeezed by a person.

(3) "Vicious conduct" with respect to a dog means an attack made by the dog on a person in which the dog initiated continued physical contact with the person and fails to retreat and:

(A) the attack resulted in bodily injury to the person;

(B) the attack was unprovoked; and

(C) the attack did not occur in a pen or other enclosure in which the dog was being kept and that was reasonably certain to prevent the dog from leaving the pen or enclosure on its own.

(b) A person commits an offense if the person owns or keeps in his custody or control a dog that he knows has engaged in vicious conduct and the person does not:

(1) restrain the dog at all times on a leash or similar device in the immediate control of the owner or other person at the direction of the owner or in a pen or other enclosure reasonably certain to prevent the dog from leaving the pen or enclosure on its own; and

(2) have insurance coverage in an amount of at least $100,000 insuring against liability of the person for damages resulting from bodily injury to an individual caused by any dog belonging to or in the custody or control of the person.

(c) A person has 60 days from the date on which the person knows his dog has engaged in vicious conduct as defined in Subsection (a) of this section to comply with the provisions of Subsection (b) of this section.

\*   \*   \*   \*   \*   \*

(e) An offense under this section is a Class B misdemeanor.

(f) This section does not impose any responsibility on an insurance company or an insurance agent to inform a person who owns or keeps a dog of the provisions of this section.

TEX.PENAL CODE ANN. § 42.12 (Vernon Supp.1989).

It should here be noted that the 70th Legislature, at the time of the enactment of House Bill 571, amended the Texas Code of Criminal Procedure by adding article 18.182 which covered some of the same subjects that the City of Richardson Ordinance covered, such as destruction of vicious dogs, and destruction of dogs causing the death of a person. TEX.CODE CRIM. PROC.ANN. art. 18.182 (Vernon Supp.1989).

## CITY OF RICHARDSON ORDINANCE

The pertinent parts of the City of Richardson Ordinance Nos. 2626–A and 2654–A are as follows:

WHEREAS, the present Code of the City of Richardson does not adequately protect the public health, safety and welfare against vicious and dangerous animals, and requires that amendments be made to the Code in order to provide adequate protection to the public health, safety and welfare of the residents of the City of Richardson; now, therefore,

\*   \*   \*   \*   \*   \*

### ARTICLE 1 IN GENERAL

Sec. 3–1. Definitions.

\*   \*   \*   \*   \*   \*

"Running at large:"

(a) Off Premises

(1) Any dog which is not restrained by means of a leash or chain of sufficient strength and not more than six (6) feet in length to control the actions of such animal while off premises.

\*   \*   \*   \*   \*   \*

(b) On Premises—Any dog not confined by premises of owner by a substantial fence of sufficient strength and height to prevent the animal from escaping therefrom, or secured on the premises

by a metal chain or leash sufficient in strength to prevent the animal from escaping from premises and so arranged that the animal will remain upon the premises when the leash is stretched to full length. A dog intruding upon the property of another person other than the owner shall be termed "at large". Any animal within an automobile or other vehicle of its's [sic] owner or owner's agent shall not be deemed "at large".

\* \* \* \* \* \*

"Vicious or dangerous animal" shall mean:

(a) Any animal which because of its physical nature and vicious propensity is capable of inflicting serious physical harm or death to human beings and would constitute a danger to human life or property; or

(b) Any animal which has behaved in such a manner that the owner thereof knows or should reasonably know that the animal is possessed of tendencies to attack or to bite human beings or other animals;

(c) Any animal certified by a doctor of veterinary medicine, after observation therefor, as posing a danger to human life, animal life, or property upon the basis of a reasonable medical probability; or

(d) Any animal that commits an unprovoked attack on a person or animal on public or private property; or

(e) Any animal that attacks or threatens to attack a person.

\* \* \* \* \* \*

SECTION 2. That Chapter 3 of the Code of Ordinances of the City of Richardson, Texas, be, and the same is hereby, amended by amending said Chapter 3 by adding Article II, which will hereafter provide as follows:

## ARTICLE II. RESTRICTIONS ON PIT BULL DOGS WITHIN THE CITY

### Sec. 3–15. General.

It shall be unlawful for any person to own, keep, harbor, or in any way possess a pit bull dog within the City, unless such pit bull dog is properly registered with the City, the registration fees paid, and said pit bull dog maintained within the City in accordance with the requirements of this Section.

### Sec. 3–16. Definition of "Pit Bull Dog".

"Pit Bull Dog" shall mean:

(a) The Bull Terrier breed of dogs;

(b) The Staffordshire Bull Terrier breed of dogs;

(c) The American Pit Bull Terrier breed of dogs;

(d) The American Staffordshire Terrier breed of dogs;

(e) Any dog which has the appearance and characteristics of being predominantly of the breeds of Bull Terrier; Staffordshire Bull Terrier; American Pit Bull Terrier; American Staffordshire Terrier; any other breed commonly known as pit bulls, pit bull dogs or pit bull terriers; or a combination of any of these breeds.

### Sec. 3–17. Standards and Requirements.

It shall be unlawful for any person to own, keep, harbor, or in any way possess a pit bull dog within the City without complying with the following standards and requirements:

(a) Leash and muzzle.

No person shall permit a registered pit bull dog to go outside its kennel or pen unless such dog is securely leashed with a leash no longer than six (6) feet in length. No person shall permit a pit bull dog to be kept on a chain, rope, or other type of leash outside its kennel or pen unless a person is in physical control of the leash. Such dog shall not be leashed to inanimate objects such as trees, posts, buildings, etc. All pit bull dogs on a leash outside the animal's kennel must be muzzled by a muzzling device sufficient to prevent such dog from biting persons or other animals.

(b) Confinement.

All registered pit bull dogs shall be securely confined indoors or in a securely enclosed and locked pen or kennel, except when leashed and muzzled

as provided herein. Such pen, kennel, or structure must have secure sides and a secure top attached to the sides. All structures used to confine registered pit bull dogs must be locked with a key or a combination lock when such animals are within the structure. Such structure must have a secure bottom or floor attached to the sides of the pen, or the sides of the pen must be embedded in the ground no less than two (2) feet. All structures that are erected to house pit bull dogs must comply with all zoning and building regulations of the City. All such structures must be adequately lighted and ventilated and kept in a clean and sanitary condition.

(c) Confinement indoors.

No pit bull dog may be kept on a porch, patio, or in any part of a house or structure that would allow the dog to exit such building of its own volition. In addition, no animal may be kept in a house or structure when the windows are open or when screen windows or screen doors are the only obstacle preventing the dog from exiting the structure.

(d) Signs.

All owners of registered pit bull dogs within the City shall display in a prominent place on their premises a sign easily readable by the public using the words "Beware of Dog—Pit Bull". In addition, a similar sign shall be posted on the kennel or pen of such animal.

(e) Insurance.

All owners of registered pit bull dogs shall provide proof to the City of liability insurance in a single-incident amount of Fifty Thousand ($50,000.00) Dollars for bodily injury or death of any person or persons, or for damage to property owned by any person which may result from the ownership of such animal. Such insurance policy shall provide that no cancellation of the written policy may be made unless ten (10) days' written notice is first given to the City of Richardson.

(f) Identification Photograph.

All owners of registered pit bull dogs shall provide to the City two (2) color photographs of the registered animal in two (2) different poses showing the color and approximate size of the animal.

(g) Reporting Requirements.

All owners of registered pit bull dogs shall, within ten (10) days of an incident, report the following information in writing to the City:

(1) Removal from the City or death of said dog;

(2) Birth of offspring;

(3) New address if owner moves within the City.

(h) Sale or Transfer of Ownership Prohibited.

No person shall sell, barter, or in any other way dispose of a pit bull dog registered with the City to any person within the City unless the recipient person resides permanently in the same household and on the same premises as the registered owner of such dog; provided that the owner of the registered pit bull dog may sell or otherwise dispose of a registered pit bull dog or offspring of such dog to persons who do not reside within the City.

\*    \*    \*    \*    \*    \*

SECTION 6. That any person, firm or corporation violating any of the provisions of this ordinance shall be subject to the penalties as provided for in Section 1–5 or the Code of Ordinances of the City of Richardson, Texas, and each and every day said violation shall continue shall be subject to a fine not to exceed the sum of One Thousand ($1,000.00) Dollars for each offense.

A comparison between Texas Penal Code Annotated section 42.12 and the City of Richardson Ordinance makes it readily apparent that the City of Richardson is by ordinance attempting to regulate the conduct of owners as well as the ownership of certain vicious animals, more particularly pit bull dogs. This ordinance attempts to regulate conduct which is regulated by section 42.12 of the Texas Penal Code; thus, it

violates section 1.08 of the Texas Penal Code, which prohibits other government bodies from enacting or enforcing laws that make any conduct subject to a criminal penalty that is also made subject to a criminal penalty by the State Penal Code. As commendable as the action of the City of Richardson may be in its efforts to protect its citizens, the proper avenue for relief from the dangers of pit bull dogs, if such dangers in reality exist, lies with the Texas Legislature.

This Court, in *Knott v. State,* 648 S.W.2d 20, 21 (Tex.App.—Dallas 1983, no writ), addressed the question of whether the City of Dallas could enact an ordinance that made it an offense for a person to warn or attempt to warn the operator of a vehicle of speed control enforcement being conducted on the highway. Texas Penal Code section 38.05 stated that a person commits an offense if he warns another of impending discovery or apprehension in order to hinder the arrest, prosecution, conviction or punishment for an offense committed by that other person. TEX.PENAL CODE ANN. § 38.05 (Vernon 1974). This Court held that a city may neither enact nor enforce an ordinance regulating conduct already proscribed by a state statute.

Although The City of Richardson has made a forceful argument, citing language of Texas cases decided before the enactment of Texas Penal Code section 1.08, the preemption statute, no Texas case law has been cited which convinces us that the City of Richardson may enact an ordinance imposing a fine and making certain conduct a criminal offense when the same or similar conduct is an offense under the Texas Penal Code, and which contravenes the clear meaning of Texas Penal Code section 1.08.

The judgment of the trial court is reversed and the City of Richardson Ordinance No. 2626–A and its subsequent amendment, Ordinance No. 2654–A, are held void.