CITY OF RICHARDSON,
Texas, Petitioner,

v.

RESPONSIBLE DOG OWNERS OF
TEXAS et al., Respondents.

No. C–9464.

Supreme Court of Texas.

June 27, 1990.

Rehearing Overruled Sept. 6, 1990.

H. Louis Nichols, Dallas, for petitioner.

Wayne Brown, Charles W. Yuill, Jr., Dallas, for respondents.

OPINION

SPEARS, Justice.

At issue is the validity of the City of Richardson's animal control ordinance. Several people, denominated as Responsible Dog Owners, sued for declaratory judgment, alleging that the legislature, through its enactment of sections 1.08 and 42.12 of the Texas Penal Code, has preempted the City's power to adopt an ordinance regulating the keeping of dogs. The trial court granted summary judgment in favor of the City. The court of appeals, however, held that the City's ordinance was preempted by the Penal Code, reversed the trial court's judgment, and rendered judgment in favor of Responsible Dog Owners. 781 S.W.2d 667. We reverse the judgment of the court of appeals and remand the cause to that court.

Section 1.08 of the Texas Penal Code provides:

No governmental subdivision or agency may enact or enforce a law that makes any conduct covered by this code an offense subject to a criminal penalty.

In accordance with this provision, a city cannot enact an ordinance proscribing the same conduct as is proscribed by the Penal Code. In holding that the City of Richardson's animal control ordinance is void, the court of appeals held that the ordinance proscribes the same conduct as is proscribed by section 42.12 of the Penal Code. In order to compare the City's ordinance with section 42.12, we will quote their provisions at length.

PENAL CODE PROVISIONS

Section 42.12 of the Texas Penal Code provides in pertinent part:

(a) In this section:

\* \* \* \* \* \*

(3) "Vicious conduct" with respect to a dog means an attack made by the dog on a person in which the dog initiated continued physical contact with the person and fails to retreat and:

(A) the attack resulted in bodily injury to the person;

(B) the attack was unprovoked; and

(C) the attack did not occur in a pen or other enclosure in which the dog was being kept and that was reasonably certain to prevent the dog from leaving the pen or enclosure on its own.

(b) A person commits an offense if the person owns or keeps in his custody or control a dog that he knows has engaged in vicious conduct and the person does not:

(1) restrain the dog at all times on a leash ... or in a pen ...; and

(2) have insurance coverage in an amount of at least $100,000....

(c) A person has 60 days from the date on which the person knows his dog has engaged in vicious conduct ... to comply with the provisions of Subsection (b)....

\* \* \* \* \* \*

(e) An offense under this section is a Class B misdemeanor.

CITY ORDINANCE PROVISIONS

Pertinent parts of the City of Richardson's ordinance read:

### Article I. In General

### Sec. 3-1. Definitions.

\* \* \* \* \* \*

"Vicious or dangerous animal" shall mean:

(a) Any animal which because of its physical nature and vicious propensity is capable of inflicting serious physical harm or death to human beings and would constitute a danger to human life or property; or

(b) Any animal which has behaved in such a manner that the owner thereof knows or should reasonably know that the animal is possessed of tendencies to attack or to bite human beings or other animals;

(c) Any animal certified by a doctor of veterinary medicine, after observation thereof, as posing a danger to human life, animal life, or property upon the basis of a reasonable medical probability; or

(d) Any animal that commits an unprovoked attack on a person or animal ...; or

(e) Any animal that attacks or threatens to attack a person;

### Sec. 3-2. Penalties.

Any person who violates any of the provisions of this article shall be guilty of a misdemeanor and upon conviction in the municipal court shall be assessed a fine not to exceed that set out by Section 1-5 of the Code, and each and every day that the same shall continue shall constitute a separate and distinct offense.

\* \* \* \* \* \*

### Sec. 3-10. Dangerous and vicious animals.

(a) Complaint. Should any person desire to file a complaint concerning an animal which is believed to be a vicious or dangerous animal, a sworn, written complaint must be filed with the Environmental Health Department of the City of Richardson....

\* \* \* \* \* \*

### Article II. Restrictions on Pit Bull Dogs Within The City

### Sec. 3-15. General.

It shall be unlawful for any person to own, keep, harbor, or in any way possess a pit bull dog within the City, unless such pit bull dog is properly registered with the City, the registration fees paid, and said pit bull dog maintained within the City in accordance with the requirements of this Section.

\* \* \* \* \* \*

### Sec. 3-17. Standards and Requirements.

It shall be unlawful for any person to own, keep, harbor, or in any way possess a pit bull dog within the City without comply-

ing with the following standards and requirements:

    (a) Leash and muzzle....
    (b) Confinement....
    (c) Confinement indoors....
    (d) Signs....
    (e) Insurance....
    (f) Identification Photograph....
    (g) Reporting Requirements....

In addition to the provisions specifically set forth above, the ordinance contains provisions related to the inhumane treatment of animals, the impoundment of animals, the vaccination of animals, the sale of baby chicks and rabbits, and the permitting of guard dogs.

Comparing the City's ordinance with section 42.12, we observe that the ordinance applies to all animals within city limits; section 42.12 relates only to dogs. Moreover, the ordinance is a comprehensive attempt to address the control of animals. Section 42.12 is much more limited in that it requires only that an owner restrain a dog and carry insurance coverage. Finally, the ordinance applies to any animal which *may* present a threat to the safety and welfare of the City's citizens; its enforcement does not depend on the dog having already bitten someone. By contrast, section 42.12 is essentially a "first bite" law which makes it an offense only if a person keeps a dog that has actually engaged in vicious conduct and fails to restrain the dog or obtain the required insurance coverage within sixty days of the dog's vicious conduct.

Under article XI, section 5 of the Texas Constitution, home-rule cities have broad discretionary powers provided that no ordinance "shall contain any provision inconsistent with the Constitution of the State, or of the general laws enacted by the Legislature of this State...." Thus, the mere fact that the legislature has enacted a law addressing a subject does not mean that the subject matter is completely preempted. When there is no conflict between a state law and a city ordinance, the ordinance is not void. *See City of Weslaco v. Melton,* 158 Tex. 61, 308 S.W.2d 18 (1957) (city ordinance requiring pasteurization of all milk sold and offered for sale within city was valid because it did not conflict with statute creating certain grades and labels for milk).[1] "A general law and a city ordinance will not be held repugnant to each other if any other reasonable construction leaving both in effect can be reached." *City of Beaumont v. Fall,* 116 Tex. 314, 291 S.W. 202 (1927); *see also City of Houston v. Reyes,* 527 S.W.2d 489, 494 (Tex.Civ.App.—Houston [1st Dist.] 1975, writ ref'd n.r.e.). Section 1.08 does not place any greater restriction on a home-rule city than that which existed prior to its enactment by virtue of article XI, section 5 of the Texas Constitution. There is no repugnancy between the City's comprehensive animal control ordinance and section 42.12. A reasonable construction of each allows both to be given effect because they are not inconsistent. Although there is a small area of overlap in the provisions of the narrow statute and the broader ordinance, we hold that it is not fatal.[2]

We hold therefore that sections 1.08 and 42.12 of the Penal Code do not preempt the City of Richardson's power to adopt this comprehensive animal control ordinance. The judgment of the court of appeals is reversed, and this cause is remanded to that court for it to consider points of error that were previously left unaddressed.

---

1. *But see Knott v. State,* 648 S.W.2d 20 (Tex.App.—Dallas 1983, no writ), in which a city's ordinance relating to highway speed control enforcement was held to be preempted by state law. However, the city's ordinance proscribed in almost identical language the very same conduct as was proscribed by the State law; thus *Knott* is distinguishable from this situation involving an ordinance that is much more comprehensive than the state statute.

2. Although plaintiffs complain about both the enactment and enforcement of the ordinance, their complaint about enforcement is, on this record, anticipatory. We do not hold today that a person could be prosecuted under both the statute and ordinance in the rather limited circumstances where conduct is violative of both, nor need we address here whether the ordinance could be enforced against conduct also violative of the statute.