

## Office of the Attorney General
### State of Texas

**DAN MORALES**
ATTORNEY GENERAL

December 12, 1991

Lionel Meno, Ph.D.
Commissioner of Education
Texas Education Agency
1701 North Congress Avenue
Austin, Texas 78701-1494

Opinion No. DM-69

Re: Whether a municipality can refuse to issue building permits or certificates of occupancy to a school district for failing to comply with municipal building code requirements on handicapped accessibility where the school district has obtained a waiver under article 7 of the State Purchasing and General Services Act (RQ-99)

Dear Commissioner Meno:

You ask whether the City of El Paso may refuse to issue building permits or certificates of occupancy to the El Paso Independent School District for failing to comply with municipal building code requirements on handicapped accessibility if the school district is in compliance with the accessibility standards and specifications adopted pursuant to article 7 of the State Purchasing and General Services Act, V.T.C.S. art. 601b, or has received a waiver from such compliance under section 7.02(e) of that act. Your question, essentially, breaks down into two considerations: (1) whether article 7 of the State Purchasing and General Services Act preempts the field of handicapped accessibility to buildings, and (2) if article 7 of the State Purchasing and General Services Act does not preempt the field, whether El Paso's regulation of handicapped accessibility through its building code is inconsistent with state legislation in this area.

El Paso is a home-rule city existing and operating under article XI, section 5 of the Texas Constitution. Under its building code all new construction, with enumerated exceptions, must meet accessibility standards that include requirements for doors, surfaces, slopes, steps, and other similar features of buildings that bear on accessibility to handicapped people. Article 7 of the State Purchasing and General Services Act states its policy as follows:

The provisions of this article are to further the policy of the State of Texas to encourage and promote the rehabilitation of handicapped or disabled citizens and to eliminate, insofar as possible, unnecessary barriers encountered by aged, handicapped, or disabled persons, whose ability to engage in gainful occupations or to achieve maximum personal independence is needlessly restricted when such persons cannot readily use public buildings.

V.T.C.S. art. 601b, § 7.01. Article 7 of the State Purchasing and General Services Act applies to, *inter alia*, all buildings and facilities used by the public which are constructed in whole or in part by the use of the funds of any political subdivision of the state. *Id.* § 7.02(a). Pursuant to article 7, the General Services Commission has adopted rules which provide standards for accessibility to buildings covered by article 7. *See* 1 T.A.C. § 115.51 *et seq.* Section 7.02(e) of the State Purchasing and General Services Act provides that the General Services Commission "shall have the authority to waive or modify accessibility standards and specifications when application of such standards and specifications is considered by the commission to be irrelevant to the nature, use, or function of a building or facility covered by this article." The El Paso Independent School District sought and obtained such a waiver for certain buildings under its control.

A home-rule city may not enact an ordinance inconsistent with state legislation. Tex. Const. art. XI, § 5. However, within that limitation, a home-rule city enjoys broad discretion, and the entry of the state into a field of legislation does not automatically preempt that field from city regulation. *City of Richardson v. Responsible Dog Owners of Texas*, 794 S.W.2d 17, 19 (Tex. 1990). In *Responsible Dog Owners*, the Texas Supreme Court found that a comprehensive municipal animal control ordinance was not preempted by sections 1.08 and 42.12 of the Texas Penal Code[1] despite "a small area of overlap in the provisions of the narrow statute and the broader ordinance." *Id.* The court further held that section 1.08 of the Penal

---

[1]Section 1.08 of the Penal Code provides:

> No governmental subdivision or agency may enact or enforce a law that makes any conduct covered by this code an offense subject to a criminal penalty.

Section 42.12 of the Penal Code makes it an offense to keep a dog that has engaged in vicious conduct without complying with certain prescribed standards.

Code places no greater restriction on a home-rule city than does article XI, section 5, of the Texas Constitution.

Article 7 of the State Purchasing and General Services Act does not expressly state an intent to preempt the field of regulation that the act addresses. Certainly, the act contains no language such as that found in section 1.08 of the Penal Code limiting local enactments. If, as the supreme court teaches, section 1.08 of the Penal Code does no more than article XI, section 5, of the constitution in that respect, we do not think that an intent to preempt may be found by implication unless no other reasonable interpretation is available. Accordingly, we conclude that article 7 of the State Purchasing and General Services Act does not preempt the field of regulation of handicapped accessibility.

Nor is municipal regulation of architectural barriers through a city building code necessarily inconsistent with the rules adopted pursuant to article 7 of the State Purchasing and General Services Act. The supreme court has held that a state law and a city ordinance will not be held repugnant to each other if a reasonable construction leaving both in effect can be reached. *Responsible Dog Owners, supra.* As it is possible to comply with both the State Purchasing and General Services Commission's rules and El Paso's building code, the two are not in inherent conflict. While the building code may require more of a building owner, and may not provide for waivers, it has not been suggested that compliance with the building code will perforce result in noncompliance with the commission's rules. Moreover, the accessibility standards of El Paso's building code are designed to achieve precisely the goal stated in article 7: "to eliminate, insofar as possible, unnecessary barriers encountered by aged, handicapped, or disabled persons."

It would be anomalous to construe article 7 as limiting the adoption or enforcement of vigorous municipal regulations in harmony with the goals that article 7 was enacted to achieve. The General Services Commission has recognized the role of municipal regulation in its rules adopted pursuant to article 7:

> Public officials are encouraged to assist in implementing the policy of the state *through development and enforcement of local building codes and building permit regulations.* A building owner's obligation to comply with the provisions of the Act and the rules and regulations set out in these sections *may not be satisfied by a simple showing of compliance with local building codes or ordinances.*

1 T.A.C. § 115.51 (emphases added). This provision makes clear that the General Services Commission sees the standards adopted by its rules as establishing a floor which ensures that state policy will be enforced even in jurisdictions whose building codes do not require accessibility. It suggests no attempt to override more stringent local regulation that is consistent with the purpose of its rules.

Finally, we note that the General Services Commission has taken the position that a waiver granted pursuant to section 7.02(e) of the State Purchasing and General Services Act does not preempt enforcement of a local building code. In a letter dated July 10, 1991, to the El Paso City Attorney's Office, the legal counsel to the commission states:

> However, in light of the State's express policy regarding architectural barriers, the limitations it has placed on the granting of waivers, and its silence on the issue of pre-emption of the powers of home rule cities, it is my opinion that Article 7 of the Act does not pre-empt the [El Paso Building] Code if the Commission, pursuant to its authority, has exempted a building from architectural barrier compliance.

We conclude that article 7 of the State Purchasing and General Services Act does not preempt the field of regulation with respect to architectural barriers. We have no basis for finding that a municipal building code is inconsistent with the rules adopted pursuant to article 7 where a reasonable construction, giving effect to both, is available. Accordingly, the City of El Paso may enforce the accessibility requirements of its building code with respect to buildings under the control of the El Paso Independent School District.

## SUMMARY

The City of El Paso may refuse to issue a building permit or certificate of occupancy to the El Paso Independent School District for failing to comply with municipal building code requirements on handicapped accessibility, notwithstanding the fact that the school district is in compliance with the accessibility

standards and specifications adopted pursuant to article 7 of the State Purchasing and General Services Act, V.T.C.S. art. 601b, or has obtained a waiver from such compliance under section 7.02(e) of that act.

Very truly yours,

DAN MORALES
Attorney General of Texas

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Deputy Assistant Attorney General

JUDGE ZOLLIE STEAKLEY (Ret.)
Special Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

MADELEINE JOHNSON
Chair, Opinion Committee

Prepared by John Steiner
Assistant Attorney General