

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

June 16, 1993

Honorable Debra Danburg
Chair
Committee on Elections
Texas House of Representatives
P.O. Box 2910
Austin, Texas 78768-2910

Opinion No. DM-229

Re: Whether a proposed City of Houston ordinance, which would require that condoms be available for sale in "business premises upon which alcoholic beverages are sold for on-premises consumption," is preempted by state law   (RQ-522)

Dear Representative Danburg:

You ask whether an ordinance under consideration by the City of Houston (the "city"), which would require that condoms be available for sale in "business premises upon which alcoholic beverages are sold for on-premises consumption," is preempted by state law. With your request, you have submitted a copy of the proposed ordinance. The proposed ordinance's preamble states that its purpose is to reduce the risk of transmission of sexually transmitted diseases, including the human immunodeficiency virus ("HIV"), by increasing the availability of condoms. Apparently, business premises upon which alcoholic beverages are sold for on-premises consumption are the focus of the proposed ordinance because "among the major contributing factors of transmission of sexually transmitted diseases are casual interpersonal relationships and poor judgments related to the influence of alcohol."

The proposed ordinance would require "the owner and principal manager of a business premises upon which alcoholic beverages are sold for on-premises consumption [to] make high quality latex condoms available upon its premises in one of the following manners," which include offering condoms for sale at a sales counter or through coin-operated machines in restrooms. The proposed ordinance would also require the owner and principal manager of such a business to "continuously display signs in each restroom to which any member of the public has access setting forth information concerning HIV and other sexually transmitted diseases and the benefits of the use of condoms with language provided by the City of Houston Health and Human Services Department." Violation of either of these provisions would constitute a misdemeanor, but would "not

affect a license or permit granted under the provisions of the Texas Alcoholic Beverage Code."[1]

The City of Houston is a home-rule city. The Texas Constitution grants such cities all the power of self-government not *expressly* denied them by the legislature. Tex. Const. art. XI, § 5; *Dallas Merchant's & Concessionaire's Ass'n v. City of Dallas*, 36 Tex. Sup. Ct. J. 742, 743 (April 10, 1993). The Texas Constitution prohibits a home-rule city from enforcing any legislation inconsistent with state laws or the state constitution. Tex. Const. art. XI, § 5; *Dallas Merchant's & Concessionaire's Ass'n*, 36 Tex. Sup. Ct. J. at 743 (citing *City of Brookside Village v. Comeau*, 633 S.W.2d 790, 796 (Tex. 1982), *cert. denied*, 459 U.S. 1087 (1982)). The Texas Supreme Court has instructed that, in determining whether an ordinance is fatally inconsistent with state law on the same subject matter, courts must seek to construe the two in a way that will leave both in effect, if possible. *City of Richardson v. Responsible Dog Owners of Texas*, 794 S.W.2d 17, 19 (Tex. 1990). "[T]he mere fact that the legislature has enacted a law addressing a subject does not mean the complete subject matter is completely preempted." *Id.* Moreover, it is well established that "if the Legislature chooses to preempt a subject matter usually encompassed by the broad powers of a home-rule city, it must do so with unmistakable clarity." *Dallas Merchant's & Concessionaire's Ass'n*, 36 Tex. Sup. Ct. J. at 743 (citing *City of Sweetwater v. Geron*, 380 S.W.2d 550, 552 (Tex. 1964)).

The Alcoholic Beverage Code contains a preemption provision, section 109.57,[2] which provides in pertinent part:

> (a) Except as is expressly authorized by this code, a regulation, charter, or ordinance promulgated by a governmental entity of this state may not impose stricter standards on premises or businesses required to have a license or permit under this code than are imposed on similar premises or businesses that are not required to have such a license or permit.

> (b) It is the intent of the legislature that this code shall exclusively govern the regulation of alcoholic beverages in this state,

---

[1] It would be an affirmative defense to prosecution that the business "derives seventy-five percent or less of total gross receipts from the sale of alcoholic beverages for on-premises consumption," or that the premises has a maximum building occupancy permit of fifty persons or less.

[2] Section 1.06 of the Alcoholic Beverage Code provides as follows:

> Unless otherwise specifically provided by the terms of this code, the manufacture, sale, distribution, transportation, and possession of alcoholic beverages shall be governed exclusively by the provisions of this code.

Alco. Bev. Code § 1.06. Because the proposed ordinance would not regulate "the manufacture, sale, distribution, transportation, [or] possession of alcoholic beverages," it would not be preempted by this provision.

and that except as permitted by this code, a governmental entity of this state may not discriminate against a business holding a license or permit under this code.

Alco. Bev. Code § 109.57(a),(b). The question before us is whether this provision would preempt the proposed ordinance.

In a recent opinion, *Dallas Merchant's & Concessionaire's Association*, the Texas Supreme Court considered whether section 109.57 of the Alcoholic Beverage Code preempts a home-rule city ordinance prohibiting the sale of alcoholic beverages within 300 feet of a residential area. In that opinion, the court stated, "The Legislature's intent is clearly expressed in section 109.57(b) of the [Alcoholic Beverage Code]--the regulation of alcoholic beverages is exclusively governed by the provisions of the [Alcoholic Beverage Code] unless otherwise provided. . . . Section 109.57 clearly preempts an ordinance of a home-rule city that regulates where alcoholic beverages are sold under most circumstances." 36 Tex. Sup. Ct. J. at 744 (citation and footnotes omitted). The court also noted that section 109.57(a) provides that an ordinance may not impose stricter standards on alcohol related businesses than on non-alcohol related businesses:

> For example, under section 109.57(a), an ordinance requiring all businesses with the same kind of premises to have a fire extinguisher on their premises would not violate section 109.57(a). On the other hand, an ordinance requiring an alcohol related business to have two fire extinguishers and only requir[ing] a non-alcohol related business with the same kind of premises to have one fire extinguisher would violate section 109.57(a).

*Id.* at 745 n.5.[3]

Subsection (a) prohibits a city from adopting an ordinance imposing "stricter standards on premises or businesses required to have a license or permit . . . than are imposed on similar premises or businesses that are not required to have such a license or permit." It expresses with "unmistakable clarity" the legislature's intent to preempt such ordinances. We appreciate the city's effort to reduce the transmission of sexually transmitted diseases by encouraging the use of condoms and distributing educational material. The Texas Supreme Court's interpretation of subsection (a) of section 109.57 in *Dallas Merchant's & Concessionaire's Association*, however, compels us to conclude that the proposed ordinance would be preempted.

The proposed ordinance's justification for requiring business premises upon which alcoholic beverages are sold for on-premises consumption to make condoms for sale is

---

[3]The court also states that section 109.57(a) was enacted in order to exempt licensees and permittees under the Alcoholic Beverage Code from section 211.013 of the Local Government Code, which provides in part that if a local zoning ordinance imposes higher standards than a state law, the local ordinance controls. 36 Tex. Sup. Ct. J. at 745 n.7.

that the influence of alcohol contributes to the transmission of sexually transmitted diseases. It is aimed at these businesses solely because they sell alcohol for on-premises consumption. It does not require other businesses which might contribute to the transmission of sexually transmitted diseases, and are therefore "similar businesses" for purposes of the proposed ordinance, to make condoms available for sale. We believe this is no different than "an ordinance requiring an alcohol related business to have two fire extinguishers and only requir[ing] a non-alcohol related business with the same kind of premises to have one fire extinguisher" which the Texas Supreme Court suggested would violate section 109.57(a). *Id.*

Because the proposed ordinance would impose "stricter standards on premises or businesses required to have a license or permit . . . than are imposed on similar premises or businesses that are not required to have such a license or permit," we must conclude it would be preempted by subsection (a) of section 109.57 of the Alcoholic Beverage Code as construed by the Texas Supreme Court.[4]

## S U M M A R Y

A proposed City of Houston ordinance, which would require "business premises upon which alcoholic beverages are sold for on-premises consumption" to make condoms available for sale, would impose "stricter standards on premises or businesses required to have a license or permit . . . than are imposed on similar premises or businesses that are not required to have such a license or permit," contrary to subsection (a) of section 109.57 of the Alcoholic Beverage Code, and would therefore be preempted by state law.

Very truly yours,

DAN MORALES
Attorney General of Texas

---

[4]No provision in the Alcoholic Beverage Code expressly permits a city or other governmental entity of the state to require licensees or permittees under the code to make condoms available for sale. We do not believe the proposed ordinance would be saved by the provision which states that a violation of the proposed ordinance would "not affect a license or permit granted under the provisions of the Texas Alcoholic Beverage Code." As the Texas Supreme Court's fire extinguisher example makes clear, *see supra* page 3, section 109.057(a) prohibits an ordinance imposing *any kind* of stricter standard against licensees and permittees, not just those which would directly affect their authority to sell alcohol or the manner in which they do so.

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Deputy Attorney General for Litigation

RENEA HICKS
State Solicitor .

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by Mary R. Crouter
Assistant Attorney General