

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

May 12, 1993

Mr. Benny M. Mathis, Jr.
Executive Director
Structural Pest Control Board
9101 Burnet Road, Suite 201
Austin, Texas 78758

Opinion No. DM-221

Re: Whether provisions of the City of Greenville regulation of pesticides ordinance are preempted by the Structural Pest Control Act, V.T.C.S. article 135b-6 (RQ-511)

Dear Mr. Mathis:

On behalf of the Structural Pest Control Board (the"board"), you ask whether provisions of the City of Greenville regulation of pesticides ordinance, City of Greenville Ordinance No. 92-083 (the "ordinance"), are preempted by the Structural Pest Control Act, V.T.C.S. art. 135b-6 (the "act").[1] The act extensively regulates the business of structural pest control, by licensing persons engaged in the business, *see* V.T.C.S. art. 135b-6, §§ 4, 4B, 4C, 9, setting forth limited exceptions to the general requirement that only licensed persons may apply pesticides and other pest control agents, *id.* §§ 5, 11, and governing the conditions under which pesticides and other agents may be applied, *id.* §§ 4G, 4H. A first-time violation of any section of the act constitutes a Class C misdemeanor. *Id.* § 10A. A repeat violation is a Class B misdemeanor. *Id.* Section 11A of the act provides that "[t]he Structural Pest Control Board is the sole authority in this state for licensing persons engaged in the business of structural pest control."

The ordinance appears to be an attempt to reduce the levels of pollutants in the City of Greenville's waste water. City of Greenville Ordinance No. 92-083, preamble (codified as City of Greenville Code of Ordinances, Chapter 4, § 4.800). It requires retail vendors of pesticides to attach educational material to pesticide products which are available for sale, and to display information about the proper use and disposal of pesticide products. City of Greenville Code of Ordinances, Chapter 4, § 4.802. It also requires professional pesticide applicators to disseminate educational material supplied by the city to customers at the time of application, and to file reports with the city's Water Utilities Department. *Id.* § 4.803. In addition, it requires owners of "multi-occupancy dwellings" to notify occupants of an indoor application of pesticides no later than 24 hours prior to the application, to disseminate educational material supplied by the city, and to file reports with the city's Water Utilities Department. *Id.* § 4.804. Violation of the ordinance constitutes a misdemeanor punishable by a fine not to exceed $2,000.00. City of Greenville Ordinance No. 92-083, § 4.

---

[1]We note that the legislature has recently enacted an amendment to the Structural Pest Control Act that would specifically preempt a city from adopting an ordinance regarding pesticide sale or use, except as otherwise provided by the act. *See* Acts 1993, 73rd Leg., ch. 96, § 2 (effective May 7, 1993). This opinion does not address the Structural Pest Control Act as amended.

The City of Greenville is a home-rule city. The Texas Constitution grants such cities all the power of self-government not *expressly* denied them by the legislature. Tex. Const. art. XI, § 5; *Dallas Merchant's & Concessionaire's Ass'n v. City of Dallas*, No. D-2159, slip op. at 3 (Tex. April 7, 1993). The Texas Constitution prohibits a home-rule city from enforcing any legislation inconsistent with state laws or the state constitution. Tex. Const. art. XI, § 5; *Dallas Merchant's & Concessionaire's Ass'n*, slip op. at 3 (citing *City of Brookside Village v. Comeau*, 633 S.W.2d 790, 796 (Tex.), *cert. denied*, 459 U.S. 1087 (1982)). The Texas Supreme Court has instructed that, in determining whether an ordinance is fatally inconsistent with state law on the same subject matter, courts must seek to construe the two in a way that will leave both in effect, if possible. *City of Richardson v. Responsible Dog Owners of Texas*, 794 S.W.2d 17, 19 (Tex. 1990). "[T]he mere fact that the legislature has enacted a law addressing a subject does not mean the complete subject matter is completely preempted." *Id*. Moreover, it is well established that "if the Legislature chooses to preempt a subject matter usually encompassed by the broad powers of a home-rule city, it must do so with unmistakable clarity." *Dallas Merchant's & Concessionaire's Ass'n*, slip op. at 4 (citing *City of Sweetwater v. Geron*, 380 S.W.2d 550, 552 (Tex. 1964)).

First, you ask whether the City of Greenville may "define [a] multi-occupancy structure for purposes of providing notice in a manner different from the statutory definition of apartment in [section 4B of the act]."[2] In a related question, you ask if "the City of Greenville [has] the authority to require a 24-hour notice of pesticide application." We address these questions together.

Notice of treatment is governed by section 4G of the act, which sets forth different requirements for residential rental units with less than five and with five or more rental units. For an indoor treatment at a residential rental property with less than five rental units, an applicator is required to leave a "pest control information sheet" in the residence at the time of each treatment. V.T.C.S. art. 135b-6, § 4G(c). No notice is required. *Id*. For indoor treatments at residential rental properties with five or more rental units, work places, and other institutions such as hospitals and schools, 48 hour's notice is required. *Id*. § 4G(d) - (f). The ordinance, on the other hand, requires owners of "multi-occupancy dwellings" to notify occupants of an indoor application of pesticides no later than 24 hours prior to the application. City of Greenville Code of Ordinances, § 4.804. "Multi-occupancy structures" are defined as "dwellings which house more than one family living unit which includes but is not limited to duplexes, apartments, hotels, motels, nursing homes, etc." *Id*. § 4.801.

---

[2]Subsection (a) of section 4B provides: "In this section, 'apartment building' means a building that contains two or more dwelling units that are rented primarily for nontransient permanent dwelling purposes, with rental paid by intervals of one week or longer." V.T.C.S. art. 135b-6, § 4B(a). Section 4B, however, does not contain provisions regarding notice. Notice of treatment is governed by section 4G of the act, which does not use the term "apartment building," but rather sets forth different requirements for "residential rental units" with less than five and with five or more rental units.

Clearly, the ordinance's 24-hour notice requirement is fatally inconsistent with the notice requirements set forth in section 4G of the act. The ordinance requires 24-hour notice in some residential rental properties where the act requires no notice at all.[3] In other instances, the ordinance requires 24-hour notice where the act requires 48-hour notice. It is not possible to construe the act and the ordinance's notice provisions in harmony. Therefore, we conclude that the City of Greenville ordinance's notice provisions are preempted by the act and are therefore void.

Next, you ask whether the City of Greenville may require the dissemination of educational materials. The ordinance requires retail vendors and professional pesticide applicators to disseminate educational material supplied by the city. *Id.* §§ 4.802, 4.803. As you point out, the act requires persons who engage in the business of pest control to distribute "pest control information sheets" developed and approved by the board. V.T.C.S. art. 135b-6, § 4G. We do not believe, however, that the act preempts the ordinance's requirements regarding the dissemination of educational material. The act does not even purport to regulate retail vendors of pesticides. Although the act does require persons who engage in the business of pest control to disseminate pest control information sheets developed by the board, we do not believe it is inconsistent with this provision to require professional pesticide applicators to also disseminate additional educational material supplied by the city.[4]

You also ask whether the act prohibits the City of Greenville "from enacting additional local requirements specifically directed at 'professional pesticide applicators'," and if "the City of Greenville [has] the authority to require monthly or quarterly pesticide application reports from persons specifically required to be licensed by the State of Texas as pesticide applicators." We address these related questions together.

As noted above, section 11A of the act provides that "[t]he Structural Pest Control Board is the sole authority in this state for licensing persons engaged in the business of structural pest control." We believe that section 11A clearly establishes the legislature's intent to limit the power of home-rule cities with respect to the licensure of persons engaged in the business of pest control, and to preempt any local licensing requirements. The act, however, does not necessarily preclude a city from imposing additional

---

[3]The ordinance requires 24-hour notice in multi-occupancy structures which house more than one family living unit, whereas the act requires no notice in residential rental units with less than five rental units.

[4]You suggest that the act preempts the city from requiring educational materials by "occupying the field" of regulation. We disagree. The mere fact that the legislature has enacted a law addressing the subject matter of a city ordinance does not mean that the subject matter is completely preempted, as long as the ordinance does not conflict with state law. *Dallas Merchant's & Concessionaire's Ass'n v. City of Dallas*, No. D-2159, slip op. at 3 (Tex. April 7, 1993); *City of Richardson v. Responsible Dog Owners*, 794 S.W.2d 17, 19 (Tex. 1990).

requirements on persons engaged in the business of pest control, provided they do not constitute licensing requirements. For example, we do not believe that the ordinance's requirement that professional pesticide applicators submit certain reports to the Water Utilities Department amounts to a licensing requirement. Nor is this requirement inconsistent with any of the act's other provisions. Therefore, it is not preempted by the act.

## S U M M A R Y

The City of Greenville regulation of pesticide ordinance provisions regarding notice are inconsistent with and therefore preempted by the Structural Pest Control Act, V.T.C.S. article 135b-6 (the "act"). The ordinance provisions regarding the dissemination of educational materials and requiring professional pesticide applicators to submit certain reports are not inconsistent with the act.

Very truly yours,

DAN MORALES
Attorney General of Texas

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Deputy Attorney General for Litigation

RENEA HICKS
State Solicitor

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by Mary R. Crouter
Assistant Attorney General