## ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

October 3, 2003

The Honorable Randall W. (Randy) Reynolds
District Attorney
143rd Judicial District
P.O. Box 150
Pecos, Texas 79772

Opinion No. GA-0110

Re: Whether a home-rule city may ban the sale of alcoholic or other beverages in glass containers (RQ-0036-GA)

Dear Mr. Reynolds:

You ask two questions regarding a home-rule municipality's authority to regulate the sale of glass beverage containers within the municipality's corporate limits: (1) whether the city may prohibit the sale of all glass beverage containers; and (2) whether the city may ban the sale of glass containers of alcoholic beverages.

A home-rule city possesses full powers of self-government and looks to the legislature not for grants of power, but only for limitations on its power. *See Dallas Merchs. & Concessionaire's Ass'n v. City of Dallas*, 852 S.W.2d 489, 490-91 (Tex. 1993). An ordinance of a home-rule city may not, however, regulate a subject matter that is preempted by a state statute. *See id.* at 491. The mere fact that the legislature has enacted a law addressing a subject does not mean that the entire subject matter is wholly preempted. *See City of Richardson v. Responsible Dog Owners of Tex.*, 794 S.W.2d 17, 19 (Tex. 1990). A general law and a city ordinance will not be held repugnant to each other if any reasonable construction leaving both in effect can be reached. *See Dallas Merchs.*, 852 S.W.2d at 491. Consequently, if the legislature chooses to preempt a subject matter ordinarily encompassed within the broad powers of a home-rule city, it must do so with unmistakable clarity. *See City of Sweetwater v. Geron*, 380 S.W.2d 550, 552 (Tex. 1964).

We begin with the question of whether a city may prohibit the sale of all alcoholic beverages in glass containers. Section 1.06 of the Alcoholic Beverage Code provides:

> Unless otherwise specifically provided by the terms of this code, the manufacture, sale, distribution, transportation, and possession of alcoholic beverages shall be governed exclusively by the provisions of this code.

TEX. ALCO. BEV. CODE ANN. § 1.06 (Vernon 1995). In addition, section 109.57 of the code provides, in relevant part:

(a) Except as is expressly authorized by this code, a regulation, charter, or ordinance promulgated by a governmental entity of this state may not impose stricter standards on premises or businesses required to have a license or permit under this code than are imposed on similar premises or business that are not required to have such a license or permit.

(b) It is the intent of the legislature that this code shall exclusively govern the regulation of alcoholic beverages in this state, and that except as permitted by this code, a governmental entity of this state may not discriminate against a business holding a license or permit under this code.

*Id.* § 109.57(a)-(b) (Vernon Supp. 2003). In *Dallas Merchant's*, the Texas Supreme Court considered a City of Dallas ordinance that prohibited the sale of alcoholic beverages within 300 feet of residential areas. *See Dallas Merchs.*, 852 S.W.2d at 490-91. The court concluded that the ordinance was preempted by section 109.57(b) of the Alcoholic Beverage Code.

The *Dallas Merchant's* case provides the answer to your second question. In that opinion, the court observed that

[t]he Legislature's intent is clearly expressed in section 109.57(b) of the TABC – the regulation of alcoholic beverages is exclusively governed by the provisions of the TABC unless otherwise provided. Section 109.57 clearly preempts an ordinance of a home-rule city that regulates where alcoholic beverages are sold under most circumstances.

*Id.* at 491-92 (citation omitted). In the situation you pose, the city is attempting to regulate the sale of all alcoholic beverages that are packaged in a certain manner. No provision of the Alcoholic Beverage Code "otherwise provides" this authority. Thus, to the extent the ordinance purports generally to regulate the sale of all alcoholic beverages of whatever kind, it is preempted by section 109.57(b) of the Alcoholic Beverage Code.

You also ask whether a home-rule city may adopt an ordinance that bans the sale of all glass beverage containers. In *Responsible Dog Owners of Texas*, a 1990 decision, the Texas Supreme Court considered a City of Richardson ordinance that prohibited the keeping of a "vicious or dangerous animal" within the city limits. *See Responsible Dog Owners of Tex.*, 794 S.W.2d at 18. The ordinance had been challenged on the ground that it was preempted by section 42.12 of the Penal Code, which restricted and criminalized the keeping of dangerous dogs. The court noted that section 1.08 of the Penal Code provides that "[n]o governmental subdivision or agency may enact or enforce a law that makes any conduct covered by this code an offense subject to a criminal penalty." *Id.* at 17. The court then declared:

Comparing the City's ordinance with section 42.12, we observe that the ordinance applies to all animals within city limits; section 42.12 relates only to dogs. Moreover, the ordinance is a comprehensive attempt to address the control of animals. Section 42.12 is much more limited in that it requires that an owner restrain a dog and carry insurance coverage. Finally, the ordinance applies to any animal which *may* present a threat to the safety and welfare of the City's citizens; its enforcement does not depend on the dog having already bitten someone. By contrast, section 42.12 is essentially a "first bite" law which makes it an offense only if a person keeps a dog that has actually engaged in vicious conduct and fails to restrain the dog or obtain the required insurance coverage within sixty days of the dog's vicious conduct.

*Id.* at 19. The court concluded that, because the ordinance was broader than the state statute, the ordinance was not preempted by the statute. *See id.*

Likewise, the proposed ordinance of your first question is broader than section 109.57 of the Alcoholic Beverage Code. The ordinance would ban the sale of *all* glass beverage containers within the city limits, regardless of what beverage they might contain. Such an ordinance would not impose stricter standards on businesses required to have a permit or license to sell alcoholic beverages than are imposed on businesses that do not sell alcoholic beverages, and thus, would not contravene section 109.57(a). It would not prohibit the sale of alcoholic beverages in plastic bottles or aluminum cans, nor would it single out alcoholic beverages for special treatment. Rather, it would simply prohibit the sale of *all* glass beverage containers. Thus, the proposed ordinance described in your first question would not effect the regulation of alcoholic beverages.[1]

We conclude that a home-rule municipality may not, under section 109.57 of the Alcoholic Beverage Code, prohibit the sale of alcoholic beverages in glass containers within its corporate limits. The city may, however, prohibit the sale of all glass beverage containers within city limits.

---

[1]We here consider the ordinance only under the Alcoholic Beverage Code. We do not address any possible federal constitutional issues.

## S U M M A R Y

A home-rule municipality may not, under section 109.57 of the Alcoholic Beverage Code, prohibit the sale of alcoholic beverages in glass containers within its corporate limits. A home-rule city may, however, prohibit the sale of all glass beverage containers within city limits.

Yours very truly,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee